Alexander *v.* Alderson & Watson.

## W. D. ALEXANDER *v.* ALDERSON & WATSON.

TRUST. *Notes. Notice.* A., a trustee, transferred to B., in payment of a personal debt due from him to B., a note executed to him as trustee. In a contest between the beneficiaries and B., it was held that the beneficiaries had the superior right, and that, the note showing on its face its trust character, B. was chargeable with notice, and could not claim it as an innocent holder.

FROM LAUDERDALE.

Appeal from the Chancery Court. JOHN W. HARRIS, Chancellor.

LYNN & OLDHAM for complainants.

MARLEY & STEELE for defendants.

FREEMAN, J., delivered the opinion of the court.

The only question presented for our decision in this case is, whether Anderson & Watson are entitled to the proceeds of a note of $800 given by A. & J. L. Lea to J. M. Alexander, April 25, 1868.

The facts on this question are, that certain lands had been conveyed to said Alexander in trust for his children, the complainants, with power as trustee to have the entire control and management of said property, rents, profits, etc., for the purposes of the trust, with authority " to sell and dispose of the same whenever he thinks the interest of the parties for whose benefit this conveyance is made requires it, and so invest the proceeds in whatever other business he may think best." The trustee, under this power, sold the land to A. & J. L. Lea for $2,000, of which $1,200 was paid, and the note in dispute given for balance. The note, on its face, shows it was payable to said Alexander as " trustee." It was endorsed to Anderson & Watson in payment for some furniture, Alexander being engaged in the furniture business in Memphis at the time. It was evidently transferred in purchase of this property for his own business, and not for the benefit of his beneficiaries.

The question is, were Anderson & Watson *bona fide* holders of the note, so as to be able to resist the claim of the beneficiaries? We hold it clear that they were not. The case of *Duncan* v. *Jandon*, 15 Wall., 175, is conclusive of this question. In that case, Jandon held certificates of stock as trustee for

Mrs. Jandon, so expressed on their face. He obtained a loan from Duncan, Sherman & Co. by pledging these certificates as collaterals. Failing to pay the loan, the certificates were sold. The court held that the sale or disposition of the certificates of stock for individual purposes by Jandon was a breach of trust, and that the fact appearing on the face of the certificates, Duncan, Sherman & Co. were chargeable with notice of the trust, and inquiry would have informed them of the improper use of it, and that the parties taking the stock and selling it were liable for it to the beneficiary.

The case of *Shaw* v. *Spencer*, 100 Mass. R., 389, cited in the above case, was a similar case, where the name of the beneficiary was not expressed in the face of the certificate, as is the case now before us, but only to "A. B., trustee," and yet the party receiving the stock was held charged with notice of the trust.

These were certificates of stock, it is true, but there can be no difference in principle between such securities and a note like this. We hold the beneficiaries are entitled to the note, as part of the trust fund, or its proceeds. The decree of the Chancellor is reversed, and a decree will be entered here in accordance with this opinion. The costs of this court and the court below will be paid by Anderson & Watson.